UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEAR C2, INC.,

                              Plaintiff,

                    v.

VERIZON SOURCING LLC,
                              Defendant.

25 Civ. 5308 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Clear C2, Inc. brings this action against Verizon Sourcing LLC ("Verizon"), alleging breach of a software licensing contract in Texas. The claim has two main allegations: that Verizon underreported the number of self-activated software licenses it used pursuant to the contract—and thus, underpaid for licenses—and that Verizon stole Clear C2's confidential and proprietary information in developing its own version of Clear C2's product. Verizon moves to dismiss, arguing that: (1) the contract imposes no obligation to pay for extra licenses, and (2) Clear C2 has failed to establish harm from Verizon's use of excess licenses or use of Clear C2's confidential and proprietary information. The Court concludes that Verizon has failed to establish that Clear C2's First Amended Complaint ("FAC") fails to state a breach of contract claim as a matter of law.

To survive a motion to dismiss pursuant to Rule 12(b)(6)[1], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

678 (2009)).  In assessing the complaint, the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor."  *Id.* at 106-07.  But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"  *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To successfully bring a breach of contract claim under New York law, a plaintiff must establish: "(1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract, (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by the defendant's breach."  *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).  There is no dispute that there is valid contract and that Plaintiff performed its obligations under the contract.  Thus, the only question is whether the FAC plausibly alleges breach by Verizon and damages stemming from that breach.

Turning first to the issue of excess licenses, the Court concludes that the complaint plausibly alleges breach by Verizon and damages from that breach.  The FAC[2] states an explicit price per license term, and Verizon agreed in 2008 to purchase only 2000 licenses.  FAC ¶ 8 Verizon initially self-reported and purchased additional licenses as they exceeded the initial purchase.  FAC ¶ 17.  Verizon eventually stopped reporting these additional license activations, and an internal audit by Clear C2 uncovered that Verizon enabled 5692 Full User Licenses and enabled 19530 Read Only/Vendor Licenses, a discrepancy of 2347 Full User Licenses and 17575 Read Only/Vendor Licenses between what had been purchased by Verizon and what was enabled.  FAC ¶¶ 18, 28.   Even if the contract did not require Verizon to self-report license purchases, Plaintiff alleges that the contract required Verizon to pay for licenses in excess of the initial 2000

---

[2] The facts stated herein are assumed to be true and are taken directly from the FAC.

purchased in 2008 and those added between 2008 and 2014, when Verizon stopped reporting new license activations. As either a matter of contractual interpretation or under the implied covenant of good faith and fair dealing, the Court concludes that Plaintiff has adequately alleged that Verizon's failure to pay for excess licenses breached the contract. *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1575 (2d Cir.1994) ("Under New York law, the implied covenant of good faith and fair dealing inheres in every contract."). And Clear C2 has adequately alleged that it has been damaged financially by not being paid for these excess licenses, to the tune of $4,395,125 in unpaid license fees and $4,268,990 in maintenance fees. FAC ¶ 22.

As to the issue of Verizon's copying of Clear C2's software, the Court also concludes that Clear C2 has plausibly alleged breach and damages. Section 19.3.2.2 of the Contract states that Verizon Sourcing shall not "save, modify, merge or combine the whole or any part of the Software with any other software or documentation without the agreement of Supplier, except for the intended internal use." FAC ¶ 26. Section 19.3.2.1 of the Contract further states that Verizon Sourcing shall not "except for normal operating purposes or as provided in this Agreement, copy the whole or any part of the Software." *Id.* Clear C2 alleges that Verizon did exactly this in copying Clear C2's product to create an internal alternative. FAC ¶ 23, 26. Damages can be presumed from alleged trade secrets and intellectual property theft. *See Tradescape.com v. Shivaram*, 77 F. Supp. 2d 408, 410 (S.D.N.Y. 1999) (explaining presumption of harm from misappropriation of trade secrets). And Clear C2 also alleges that it suffered monetary damages in the loss of the Verizon contract.

Accordingly, the Court concludes the Clear C2 plausibly states a claim for breach of contract. The Motion to Dismiss is **DENIED**.

Within fourteen (14) days of the date of this Order, the parties shall file: (1) a status letter indicating whether they seek referral for (a) a settlement conference before a Magistrate Judge or

(b) participation in the District's Mediation Program; (2) a Civil Case Management Plan and Scheduling Order. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at: https://nysd.uscourts.gov/hon-dale-e-ho.

The Clerk of Court is respectfully requested to terminate ECF No. 25.

SO ORDERED.

Dated: February 26, 2026

New York, New York

_____
DALE E. HO
United States District Judge